COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MARTHA CHAVEZ, | | No. 08-12-00166-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | | 65th District Court |
| | § | |
| | | of El Paso County, Texas |
| RODOLFO CHAVEZ, | § | |
| | | (TC# 2010CM2478) |
| Appellee. | § | |

## MEMORANDUM   OPINION

Martha Chavez ("Chavez") is attempting to appeal the trial court's judgment in her divorce case.   Because she failed to file a timely notice of appeal, we dismiss the appeal.

On May 9, 2012, Chavez filed her notice of appeal.   By letter dated the same day, the Clerk of this Court advised Chavez that despite filing a notice of appeal, the Court intended to dismiss the appeal for want of jurisdiction because the notice did not appear to be timely.   The Clerk further informed Chavez that unless, within 10 days from the date of the letter, she could show grounds for continuing the appeal, the appeal could be dismissed without further notice.   To this date, Chavez has not responded to the Clerk's letter.

A timely notice of appeal is necessary to invoke this Court's jurisdiction.   *See* TEX.R.APP.P. 25.1(b)(notice of appeal invokes the appellate court's jurisdiction); TEX. R. APP. P. 26.1 (depending on the circumstances, notice of appeal must be filed within a certain number of days from the date the trial court signed the judgment being appealed).   Because Chavez timely filed a motion for new trial, her notice of appeal was due on April 9, 2012 – 90 days after the date

the trial court signed its judgment on January 10, 2012. *See* Tex.R.App.P. 26.1(a)(1)(notice of appeal due within 90 days from the date of judgment if a motion for new trial is filed). As noted above, Chavez filed her notice of appeal on May 9, 2012. To have obtained an extension of time to file the notice of appeal, Chavez was required to have filed both the notice of appeal and a motion for extension of time within 15 days of the date the notice of appeal was due. *See* TEX.R.APP.P. 26.3 (permitting appellate court to extend the time to file notice of appeal under these circumstances). However, Chavez failed to do so. Therefore, her notice of appeal was not timely. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a) (permitting appeals court, on its own initiative, to dismiss appeal for want of jurisdiction).

July 5, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.